NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| DOREEN BRADY and CARYN FRENCH, | : : : | CIVIL ACTION NO. 13-7722 (MLC) |
| Plaintiffs, | : : | **MEMORANDUM OPINION** |
| v. | : : | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | : : : | |
| Defendant. | : : | |
| _____ | : | |

**COOPER, District Judge**

## INTRODUCTION

Plaintiffs Doreen Brady and Caryn French are insurance claimants seeking funds in connection with property damage suffered during Hurricane Sandy. The Plaintiffs' Complaint raises claims against Defendant Liberty Mutual Fire Insurance Company ("Liberty Mutual") in its capacity as a provider of homeowners insurance and separately in its capacity as a "Write-Your-Own" Insurance Program carrier participating in the United States Government's National Flood Insurance Program. Liberty Mutual now moves for summary judgment on all claims, contending that: (1) the parties have settled this matter and stipulated to the dismissal of all claims; and (2) the terms of the underlying insurance policies preclude the Plaintiffs from recovering additional funds. The Plaintiffs have not responded to Liberty Mutual's motion for summary judgment. Based on evidence in the record that the parties

have settled this matter and stipulated to the dismissal of all claims with prejudice, the Court will grant Liberty Mutual's motion for summary judgment (dkt. 35).[1]

## DISCUSSION

### I.    Factual Background

Liberty Mutual issued a Standard Flood Insurance Policy ("Flood Policy") covering the property located at 39 Oak Street in Keansburg, New Jersey ("the Property"). (Dkt. 35-2 at 1.) Liberty Mutual issued the Flood Policy in its capacity as a Write-Your-Own ("WYO") Insurance Program carrier participating in the U.S. Government's National Flood Insurance Program, which is administered by the Federal Emergency Management Agency ("FEMA"). (Dkt. 35-1 at 6.) Liberty Mutual also issued a homeowners insurance policy to Plaintiffs covering the Property ("Homeowners Policy"). (Dkt. 1-2 at 6–7.)

Following Hurricane Sandy, the Plaintiffs sued Liberty Mutual for damages under both the Flood Policy and the Homeowners Policy. (Dkt. 1-2 at 5–8.) It is undisputed that the Flood Policy was in effect at the time of Hurricane Sandy. (Dkt. 35-2 at 2.) On December 30, 2014, Plaintiffs entered into a Compromise and Settlement Agreement and Release with Liberty Mutual ("Settlement Agreement"). (Dkt. 35-4.) Among other provisions, the Settlement Agreement provided that the Plaintiffs agreed to dismiss all claims arising out of the Flood Policy. (Id. at 2–8.) Liberty Mutual subsequently distributed settlement proceeds to the Plaintiffs. (Dkt. 35-13.)

---

[1] The Court will cite to the documents filed on the Electronic Case Filing System ("ECF") by referring to the docket entry numbers by the designation of "dkt." Pincites reference ECF pagination.

Following the Plaintiffs' execution of the Settlement Agreement, the Plaintiffs entered into two written stipulations agreeing to dismiss their claims against Liberty Mutual. Both of these stipulations were docketed in this case. First, on January 23, 2015, the Plaintiffs and Liberty Mutual signed a stipulation dismissing with prejudice all claims by Plaintiffs against Liberty Mutual in its capacity as a WYO Insurance Program carrier pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Flood Claims Stipulation"). (Dkt. 15.) Second, on May 5, 2016, the Plaintiffs and Liberty Mutual signed a stipulation dismissing with prejudice all claims by Plaintiffs against Liberty Mutual in its capacity as a homeowners insurance provider also pursuant to Rule 41 of the Federal Rules of Civil Procedure ("Homeowners Claims Stipulation"). (Dkt. 34.)

This summary judgment motion was apparently precipitated by a letter sent by Plaintiffs' counsel on July 28, 2015 requesting additional funds from FEMA under the Flood Policy. (Dkt. 35-11 at 1–2.) The letter was sent despite the parties having already signed the Settlement Agreement and stipulated to the dismissal of their claims under the Flood Policy. (Id.; dkt. 15.)

**II.    Analysis**

Rule 41(a) of the Federal Rules of Civil Procedure permits plaintiffs to voluntarily dismiss actions without a court order by filing a stipulation of dismissal signed by all parties. Such dismissals are without prejudice unless the notice or stipulation states otherwise. Fed.R.Civ.P. 41(a).

Here, counsel for all parties signed the Flood Claims Stipulation (dkt. 15) and the Homeowners Claims Stipulation (dkt. 34) and explicitly dismissed with prejudice the

3

Plaintiffs' claims under both the Flood Policy and the Homeowners Policy, respectively. Liberty Mutual now moves for summary judgment (dkt. 35) on the grounds that all of Plaintiffs' claims have been dismissed based on the two stipulations.  The Plaintiffs have not responded to the motion or otherwise contested Liberty Mutual's contention that the Plaintiffs have settled and dismissed all of their claims against Liberty Mutual.  In light of unrefuted evidence that the Plaintiffs have voluntarily dismissed all of their outstanding claims with prejudice pursuant to Rule 41(a), the Court concludes that Liberty Mutual is entitled to judgment as a matter of law.[2]

## CONCLUSION

For the reasons stated above, the Court will grant Liberty Mutual's motion for summary judgment (dkt. 35) and enter judgment in favor of Liberty Mutual.  The Court will issue an appropriate order and judgment.

  s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

**Dated:**  September 30, 2016

---

[2] The Court resolves this motion based on the evidence in the record that the Plaintiffs have voluntarily dismissed their claims with prejudice.  Accordingly, the Court does not reach a decision on Liberty Mutual's alternative arguments that the Plaintiffs are not entitled to recoverable depreciation under the Flood Policy.  (See dkt. 35-1 at 17–23.)